UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61229-BLOOM

SANDERS LEE HIGHTOWER,

    Petitioner,
v.

JULIE L. JONES, SECRETARY
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner Sanders Lee Hightower's Motion for Reconsideration, ECF No. [88], of the Court's June 19, 2020 Paperless Order, ECF No. [72], and Petitioner's Letter Motion, ECF No. [90], in which Petitioner requests that the Court (1) forward to him docket entries that were refused by his previous detention center, and (2) review his original 2254 Petition, ECF No. [1]. The Court has carefully reviewed the record, Petitioner's submissions, the applicable law, and is fully advised. The Court addresses each Motion in turn.

    **A. Reconsideration of June 19, 2020 Order.**

Petitioner requests the Court reconsider its June 19, 2020 Paperless Order, ECF No. [72] denying Petitioner's Emergency Second Motion to Compel Compliance [and] to Order [] Sanction[s] ECF No. [71], filed November 19, 2020 (the "November 2020 Motion to Compel"). In that Motion, Petitioner requested that the Court order Respondent to comply with two Court Orders, *see* ECF Nos. [57] and [69], dated August 20, 2018 and October 25, 2018, respectively.

The August 20, 2018 Order required Respondent to "provide a complete copy of the record in the underlying criminal case to Petitioner," and further required the Clerk of the Court to mail

Petitioner a complete copy of the docket in this matter, Case No. 15-cv-61229. *See* ECF No. [57] at 1.  After entry of the August 20, 2018 Order, Respondent moved for Reconsideration, *see* ECF No. [58], explaining the following procedural history:

(1) Petitioner's convictions were entered following a jury verdict in underlying criminal Case No. **06-9747-CF10B.**  The trial in this matter took place March 19–22, 2007, and Petitioner was sentenced on August 6, 2007.

(2) Petitioner filed his 2254 Petition, ECF No. [1], in this Court on June 9, 2015, challenging his conviction in Case No. 06-9747-CF10B.[1]

(3) Magistrate Judge Patrick A. White entered a Report and Recommendation, ECF No. [29], recommending the Petition be denied and no certificate of appealability issue.

(4) On March 30, 2016, the Court entered an Order, ECF No. [35], adopting the Report in part and dismissing the case without prejudice.

(5) Over two years later, on July 17, 2018, Petitioner filed a Motion for Document to File Rule 60(B), ECF No. [54], seeking transcripts from a March 9–12, 2006 trial in a separate state criminal case, Case No. **05-014020CF** (the "05' Case Trial Transcripts"), and a transcript from a June 8, 2007 sentencing hearing (the "June 2007 Sentencing Hearing Transcript"), not specifying the case number for the latter.

(6) On August 14, 2018, Petitioner also filed a Letter, ECF No. [56], to the Clerk of the Court, requesting a copy of the Court's Order that Respondent respond to the July 17, 2018 Motion.[2]

*See* ECF No. [58] at ¶¶ 1–6. Respondent explained that the 05' Case Trial Transcripts Petitioner sought were not related to the underlying criminal matter, but to a different case — **Case No. 05-014020CF**. *See id.* at ¶ 3.  Moreover, according to Respondent, Petitioner had already been served with the Respondent's Response to Petitioner's 2254 Petition, the associated Appendix, and

---

[1] The continuation of Petitioner's Sentencing Hearing took place on August 3, 2007. *See* ECF No. [13-4] at 830. The Judgment, *see* ECF No. [13-1] Ex. 4 at 25, reflects a copy of the Judgment was served on the State Attorney on August 6, 2007.

[2] The Court did not enter a paper order requiring Respondent to respond to the July 17, 2018 Motion; however, the docket reflects Respondent's response to the same was due within 14 days of the motion, on July 31, 2018, as prescribed by the Local Rules.

transcripts from **Case No. 06-9747-CF10B.** *See id.* at ¶ 9; ECF No. [13-1], Ex. 23 at 314–476; ECF No. [13-4].[3]

In an August 30, 2018 Paperless Order, ECF No. [59], the Court granted Respondent's Motion for Reconsideration, noting "[t]he Court has reviewed the Petitioner's Motion, including his reference to the Respondent's filings, and determines that the records in state court **[Case No.] 05-014020CF** do not relate to the Petitioner's claim in this case. Therefore, the Respondent is under no obligation to produce these records." *Id.* at 2.

Following the August 30, 2018 Order, Petitioner filed a Reply and Clarification, ECF No. [64] on October 3, 2020, and a Motion to Compel Compliance, ECF No. [65], insisting he was entitled to the 05' Case Trial Transcripts because they were relevant to his arguments in this matter. In an October 25, 2018 Order, ECF No. [69] (the subject of the November 2020 Motion to Compel), the Court again rejected Petitioner's argument regarding the 05' Case Trial Transcripts, noting "[a]s the Court previously determined, Respondent is not required to provide copies of the [05' Case Trial Transcripts] and the trial transcripts from [Case No. 06-9747-CF10B] were sent in

---

[3] As noted, in the Motion for Reconsideration, Respondent stated it served Petitioner with the Response to his Petition, ECF No. [13], the Appendix, and transcripts from Case No. 06-9747. *See* ECF No. [58] at ¶ 9. Respondent referred the Court to ECF No. [13-1], which includes the State of Florida's Response to Defendant's Motion for Post-Conviction Relief in state court, *see id.* Ex. 23, and partial transcripts from Case No. 06-9747. The *complete* trial transcripts from Case No. 06-9747 are located at ECF No. [13-4]. Also included in ECF No. [13-4] is a transcript from the *second* day of Petitioner's sentencing, which took place on August 3, 2007. The transcript from the *first* day of sentencing, which appears to be the June 8, 2007 Sentencing Transcript Petitioner requests, is not included in ECF No. [13-4].

Respondent's Response to the Petition contains a Certificate of Service stating:

> [A] true and correct copy of the foregoing "Response to Order to Show Cause", as well as a copy of the Appendix, all Exhibits referenced in the Appendix**, as well as a complete copy of the record, supplemental record, and transcript** has been furnished by U.S. Mail to Sanders Hightower, Pro Se, DC # 223356, Desoto Annex, Inmate Mail/Parcels, 13617 SE Highway 70, Arcadia, FL 34266, this 27 day of July, 2015.

ECF No. [13] at 41 (emphasis added).

July, 2015." ECF No. [69] at 2. In the same Order, the Court granted Petitioner's request that Respondent provide him with previously-requested June 2007 Sentencing Hearing Transcript, noting a transcript from an August 3, 2007 hearing — which Petitioner already possessed — "was [the transcript from] a continuation of a hearing that took place in June, which is presumably the [June 2007 Sentencing Hearing Transcript]." *See id.* at 3.

In a November 13, 2018 Response, ECF No. [70], to the Court's October 25, 2018 Order, Respondent informed the Court it could not produce the June 2007 Sentencing Hearing Transcript to Petitioner because it was no longer available. Respondent explained:

> Undersigned counsel was advised that Court Reporting Services does not keep notes for hearings that are older than 10 years, which is compliance with the Florida Rules of Judicial Administration. See Fla. R. Jud. Admin. 2.430(e) (stating that court reporters' notes or electronic records need only be retained for 10 years for "[j]udicial proceedings in felony cases when a transcript has not been prepared."). Because the June 8, 2007 portion of the sentencing hearing is more than 10 years old and it appears the transcript was never requested, Court Reporting Services does not have a record of the hearing.

ECF No. [70] at ¶ 3.

Thus, as of the November 2020 Motion to Compel, the Court (a) had already ruled Petitioner was not entitled to the 05' Case Trial Transcripts from **Case No. 05-014020CF**, *see* ECF Nos. [59] at 2; and (b) had received notice that the June 2007 Sentencing Hearing Transcript no longer existed, *see* ECF No. [70] at ¶ 3. The June 19, 2020 Order, ECF No. [72] — which denied the November 2020 Motion to Compel and is the subject of the present Motion — reflected the same.

In the Motion for Reconsideration, Petitioner insists Respondent's assertion that the June 2007 Sentencing Transcript is unavailable is untrue. In support of this contention, Petitioner avers that in an October 24, 2018 Response, ECF No. [68], Respondent falsely represented the 05' Case Trial Transcripts were destroyed. *See* ECF No. [68] at ¶ 19c (stating "Respondent obtained an

4

'Affidavit' from Laws Reporting, and Laws Reporting covered the trial in [C]ase [No.] 05-14020 . . . . The Affidavit states that the transcripts . . . were destroyed and are no longer available, and thus Respondent cannot provide the transcripts." (emphasis omitted)) The falsity of this representation was proved, according to Petitioner, because he was ultimately able to obtain the 05' Case Trial Transcripts from state court. *See* ECF No. [88] at 2.[4]

Although it is true Respondent appears to have represented, incorrectly, that the 05' Case Trial Transcripts were destroyed, Respondent's error does not lead the Court to infer Respondent is misrepresenting the unavailability of the June 2007 Sentencing Transcript. Regarding the 05' Case Trial Transcripts, the Court notes Respondent relied on an Affidavit from Laws Reporting — stating the transcripts were destroyed — which misidentified the circuit court presiding over the trial. *See* ECF No. [68] at ¶ 19c. To be sure, Respondent should have — but did not — take measures to assure itself of the 05' Case Trial Transcripts' existence when it identified Laws Reporting's error. Nonetheless, the Respondent's failure to do so is not evidence of fraud with respect to the June 2007 Sentencing Transcript, as Petitioner so insists. *See* ECF No. [88] at 2.

Still, the Court finds the most prudent path forward is to require Respondent to undertake a supplemental search to confirm the June 2007 Sentencing Hearing Transcript is in fact unavailable. If it does exist, Respondent must produce it to Petitioner. Otherwise, to the extent Petitioner seeks to compel compliance with the October 25, 2018 Order, ECF No. [69], the Court notes that Order *rejected* Petitioner's argument he was entitled the 05' Case Trial Transcripts. Even so, it appears Petitioner has obtained those records from state court. *See* ECF No. [88] at 2.

---

[4] Petitioner attaches a state court order granting his request for the transcripts. *See* ECF No. [88] at 8–10.

### B. Letter Motion

In his Letter Motion, ECF No. [90], Petitioner requests copies of ECF Nos. [78] and [79], previously sent to his former detention center — Columbia Correctional Institution in Lake City, FL — because he has been transferred to Apalachee Correctional Institution East, in Sneads, FL. *See* ECF No. [90] at 1. ECF No. [78] is a Court Order instructing the Clerk of the Court to send Petitioner ECF Nos. [9], [13], [14], [17], [21], [29], [34], [35], [39], [46], [47], [53], [57], [59], [65], and [67]; and docket entry [79] is a Notice of Compliance reflecting the foregoing docket entries were mailed to Petitioner along with docket entry [78]. These documents, mailed in two boxes on July 21, 2020, *see* ECF No. [79], were refused by the recipient, but the reason for the refusal is unclear. *See* Clerk's Notice, ECF No. [82]. Because it is unclear whether the docket entries were refused because Petitioner was in the process of being transferred, or for other reasons relating to the detention center's prison mail system, the docket entries should be sent again to Petitioner's new address.[5]

Petitioner also requests (1) the name of the attorney assigned to assist him with legal research and (2) that the Court review his initial 2254 Petition, ECF No. [1] because it implicates the 05' Case Trial Transcripts, which Respondent represented were not related to this matter. *See* ECF No. [90] at 3–5. Petitioner explains he obtained the 05' Case Trial Transcripts on his own, but he was prejudiced by the delay in doing so. *See id.* at 4–5.

As to Petitioner's first request, he has not been assigned, nor is he entitled to, counsel to assist him with his post-conviction motions. As to the second request, the Court notes *Petitioner*

---

[5] In his Letter Motion, Petitioner states he was transferred from Columbia Correctional Institution on August 5, 2020, *after* the Clerk of the Court mailed the docket entries. *See* ECF No. [90] at 1. Nevertheless, because the reason for Columbia Correctional Institution's refusal is not stated on the Clerk's Notice, ECF No. [82], and it is unclear whether the refusal occurred because of Petitioner's imminent transfer, the Court finds the most prudent course of action is to send the documents to Petitioner's present address.

6

argued in his Petition that counsel should have introduced the 05' Case Trial Transcripts into the record for underlying criminal matter. *See* ECF No. [1] at 18–21. While Petitioner's argument was discussed in the Magistrate Report, ECF No. [29], recommending the Court deny Petitioner's Petition, Magistrate Judge White did not *rely* on the 05' Case Trial Transcripts themselves. *See* ECF no. [29] at 89–101.  In any event, Petitioner has obtained the 05' Case Trial Transcripts himself, and he does not specify how he was prejudiced by delay (if any) in obtaining them.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion for Reconsideration, **ECF No. [88]**, of the Court's June 19, 2020 Paperless Order, ECF No. [72], is **GRANTED IN PART**.  On or before October 1, 2020, Respondent shall confirm whether or not the June 2007 Sentencing Hearing Transcript exists and shall file a notice with the Court reflecting the same.  If the Transcript exists, Respondent shall produce it to Petitioner.

2. Petitioner's Letter Motion, **ECF No. [90]**, is **GRANTED IN PART**, and the Clerk of the Court is instructed to send Petitioner the Docket entries identified in ECF No. [78], along with ECF No. [78] itself, and a copy of the docket in this matter to Petitioner's new address at Apalachee Correctional Institution East.

3. To the extent Petition requests an informal review of his initial 2254 Petition, **ECF No. [1]**, this request is **DENIED**.

Case No. 15-cv-61229-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of September, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:  Counsel of Record

Sanders Lee Hightower (Pro Se)
223356
Apalachee Correctional Institution East
Inmate Mail/Parcels
35 Apalachee Drive
Sneads, FL 32460